## BOONE v. BEAVERS.

(Division B. April 12, 1943. Suggestion of Error Overruled May 10, 1943.)

[12 So. (2d) 926. No. 35319.]

**Currie & Currie**, of Hattiesburg, and **Brady, Brady & Armstrong**, of Brookhaven, for appellant.

Barnett, Barnett, Jones & Stone, and H. L. Austin, all of Jackson, and A. A. Cohn, of Brookhaven, for appellee.

Argued orally by **Jno. T. Armstrong** and **T. Brady, Jr.**, for appellant, and by **Ross R. Barnett**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

This was an action for damages arising out of a collision between the automobile of Beavers, who was plaintiff, and a truck belonging to appellant. From a judgment in favor of the plaintiff, this appeal is taken. The assignments of error urged upon appeal involve (1) the refusal of the trial court to grant a peremptory instruction to the defendant; (2) the refusal to grant defendant a continuance; and (3) alleged misconduct of the trial jurors.

The testimony of the parties cannot be reconciled. Each presents a case which, if accepted, would support his respective contention. There was sufficient proof for the plaintiff to support the verdict of the jury and we find no basis for error in submitting the issue of liability to the jury.

The facts relevant to the matter of a continuance are as follows: The suit was filed and process served on the defendant forty days before the return day, which was the 7th of September, 1942. On September 5th, defendant filed a general issue plea with special notice. On September 7th, defendant had subpoenas issued for several witnesses, returnable on the 11th of said month. On the same date, defendant moved for and obtained an order for security for costs, to be given within sixty days. It appears from the ruling of the trial judge on the motion for continuance that on the Saturday preceding the 24th, the case was set for trial on the latter date,

pending disposition of the criminal docket. Such fact is attested by the issuance of further subpoenas on behalf of the defendant returnable on that day. The criminal docket was concluded the day preceding and the case was called for trial on the 24th. Plaintiff had complied that day with the rule for costs and witnesses for both sides were called. Plaintiff announced ready for trial, whereupon defendant filed his motion for a continuance which was denied. We need not set forth the grounds for such motion except to state that the absence of certain witnesses was set up and shown. We have examined the allegations as to the relevancy and importance of the proposed testimony with a view to testing whether there was an abuse of the court's discretion prejudicial to the defendant. One of the absent witnesses was later found and testified. The testimony of some others was alleged to be the same. The testimony of the purported witnesses, Ritchie and Carpenter, is of doubtful competency, being either inadmissible as hearsay or of doubtful value as anticipated impeachment. Moreover, the testimony of another witness for the defendant, Mrs. Chapman, covered what it was proposed to show by these witnesses, and although not objected to, was incompetent. The defendant testified that he did not know what other witnesses would testify to.

Superficially the contention of the defendant that the plaintiff should not be permitted to control the option of putting the case to trial upon an unforeseen compliance with the rule for costs at any day within the sixty days allowed is meritorious. Seen abstractly, such course would put the defendant at the mercy of a plaintiff who could set an ambuscade against which defendant would be powerless to shield himself. Such, however, is not the case here, as above explained, and we do not find any basis for adjudging an abuse of discretion by the trial court.

During the deliberations of the jury, attorneys for both parties, listening at the door of the jury room, overheard

a juror state "You know he is backed by insurance." The matter was reported to the trial judge, and after verdict for the plaintiff, motion for new trial was filed and this remark of the juror was assigned as a ground therefor. On the hearing upon the motion, two of the jurors testified, over objection, that there was no mention of liability insurance during the trial, but that the probability that the defendant was so protected was mentioned in their deliberations; that it was not discussed until after the jury had agreed upon the issue of liability; and that they could not state whether the discussion influenced the verdict. One of the jurors at least testified that he did not vote for any verdict.

The point presented leaves ajar the door to a discussion of the right of jurors to testify regarding matters occurring within the privacy of their own sanctum. It invites examination of the aspect in which the rule is placed when, assuming the disqualification of the jurors as witnesses, evidence is sought to be adduced by third parties who invade their privacy by lending a thoughtless ear to their deliberations. To avoid digression, we will resist an impulse at this time to disparage such a practice whose potentialities for untoward results include indignity as the least of its demerits.

We have decided, however, that there is no occasion to enter into this discussion for the reason that we are unable to say that any prejudice to the defendant has been shown, nor is any inferable from the amount of the verdict for which judgment was taken. It is needless to state that we are confronted with a principle distinct from that which vitiates a verdict where the fact of insurance protection is injected into the testimony during the trial itself.

Newell v. City Ice Company, 140 Kan. 110, 34 P. (2d) 558, presents a situation almost identical with the case at bar. Pursuant to a rule to whose laxity we have not subscribed, jurors were permitted to testify that they discussed the likelihood that the defendant carried lia-

bility insurance. The court held that the absence of a showing that such discussion resulted in prejudice to the defendant was sufficient ground for denying the motion for a new trial. So also in Spohn v. Southern Kansas Stage Lines, 142 Kan. 595, 50 P. (2d) 1001, under a similar state of facts such motion was denied on the ground that the court was unable to say whether the alleged discussion took place before or after the determination by the jury of the issue of liability.

In the case here, it was evident that the reference to insurance was made after the jury had voted to find a verdict. Assuming favorably to appellant's contention that the evidence was competent and that the discussion affected the jury's findings, it would be reflected, if at all, only in the amount of the verdict. Such verdict was in the sum of $10,000, which the trial judge ordered remitted to $5,795. In view of the serious and painful injuries to plaintiff, the loss of his automobile and his medical and surgical expenses, we cannot say that the remittitur did not divest the verdict of all inflationary excess to which prejudice, if present, could have contributed.

Affirmed.